[L. A. No. 13170. In Bank.—September 14, 1933.]

G. H. JONES, Appellant, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

William H. B. Haymond, Walter B. Kibbey and Hickcox & Trude for Appellant.

Cooney & Kelley for Respondents.

SHENK, J.—This is an appeal by the plaintiff from a judgment for the defendants in an action to enjoin the sale of certain real property under execution. The cause was submitted to the trial court on a stipulation of facts and the appeal is on the judgment-roll alone.

In June, 1926, in the Superior Court in and for the County of Imperial, the Union Oil Company of California recovered a judgment against Frank P. Hovley in the sum of $546.54. That judgment was docketed on June 16, 1926, and no appeal was taken. On that date Hovley was the owner of the real property situate in Imperial County sought to be sold under execution, and he continued to be such owner until may, 1928, when for a valuable consideration he deeded it to the plaintiff, Jones.

In April, 1930, execution was issued and the defendant sheriff was instructed to levy the same and to proceed to sell said property. The plaintiff then commenced the present action to enjoin the defendants from so proceeding. Judgment went for the defendants.

The sole question presented is whether the judgment lien which attached to said real property when the judgment was docketed, under section 671 of the Code of Civil Procedure as it then stood, was removed from said property by the amendment of said section 671 and section 674 of the same code in 1927. (Stats. 1927, pp. 829, 830.)

When the judgment was docketed in June, 1926, section 671 of the Code of Civil Procedure provided for an automatic imposition of the lien upon such docketing and that said lien should, with certain exceptions not material, continue for five years. On that date section 674 of the same code provided that the filing of a certified transcript of the judgment docket with the recorder of any other county would impose a judgment lien upon the real property of the judgment debtor in such other county and that the lien should continue for five years. In 1927 section 671 was so amended as to omit the provisions thereof providing for the automatic imposition of the lien upon the docketing of the judgment and section 674 was amended to provide that the judgment lien should attach only upon the filing with

the recorder of a certified abstract of the judgment in whatsoever county the real property might be situated, and that such lien should continue for five years, unless the enforcement thereof was stayed or the judgment otherwise satisfied or discharged as in the section provided.

It is the position of the plaintiff that the judgment lien involved herein was discharged by said amendments by operation of law. It is urged that the judgment lien is purely statutory; that it is merely a remedy provided for the enforcement of the judgment; that the effect of the code amendments was to repeal the remedy, and that the failure of the plaintiff to record an abstract of the judgment after the effective date of the amendment resulted in loss to him of the benefit of the lien.

The plaintiff relies on *People* v. *Bank of San Luis Obispo,* 159 Cal. 67 [112 Pac. 866, Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934]; *Moss* v. *Smith,* 171 Cal. 777 [155 Pac. 90], and other cases of similar import in support of the general proposition that a remedy created by statute and unknown to the common law falls with the repeal of the statute without a saving clause, where it remains inchoate, is not reduced to possession, or protected by final judgment. With this general rule as a premise it is argued that the judgment lien involved herein was entirely wiped out by the code amendments.

The amendments did not purport to abolish the right to judgment liens on land owned by the judgment debtor situate in the county in which the judgment was rendered and docketed. They merely changed the method by which such lien might come into being. Since the right to the judgment lien was continued and the method of perfecting it merely changed, and assuming that the subject matter of the amendments might have been made retroactive in operation, it is of importance to discover whether they were so made. ▪ It is settled that every statute will be construed to operate prospectively unless the legislative intent to the contrary is clearly expressed. (*Krause* v. *Rarity,* 210 Cal. 644, 655 [293 Pac. 62, 77 A. L. R. 1327]; 23 Cal. Jur., p. 628.) There is nothing in the amendments which would indicate that they were intended to be retroactive, and it has been held in numerous cases in other jurisdictions that similar statutory amendments with reference

to judgment liens must be deemed prospective only. (See *United States* v. *Kendall,* 263 Fed. 126, *McCance* v. *Taylor,* 10 Gratt. (Va.) 580, *Commercial Bank of St. Louis* v. *Eastern Banking Co.,* 51 Neb. 766 [71 N. W. 1024], *Woodson* v. *Collins & Douglas,* 56 Tex. 168, *Rock Island Nat. Bank* v. *Thompson,* 74 Ill. App. 54, *Raught* v. *Lewis,* 24 Wash. 47 [63 Pac. 1104], and *Merchants Bank of Danville* v. *Ballou,* 98 Va. 112 [32 S. E. 481, 81 Am. St. Rep. 715, 44 L. R. A. 306].)

The rule that a statute is presumed to operate prospectively only, unless an intent to the contrary clearly appears, is especially applicable to cases where retroactive operation of the statute would impair the obligations of contracts or interfere with vested rights. (*Hoyt Metal Co.* v. *Atwood,* 289 Fed. 453.) ■ It is well established in this state that a judgment is a contract as contemplated by the Constitution. (*Scarborough* v. *Dugan,* 10 Cal. 305; *Miller* v. *Murphy,* 186 Cal. 344 [199 Pac. 525]; 14 Cal. Jur., p. 852.) One of the incidents of the judgment contract under section 671 of the Code of Civil Procedure prior to the amendment thereof was the lien thereby created by operation of law. (See *Beatty* v. *Cook,* 192 Iowa, 542 [185 N. W. 360].) The lien thus created was inseparably connected with the judgment and the legislature had no power to impair it. (*Massingill* v. *Downs,* 7 How. (47 U. S.) 760 [12 L. Ed. 903].) Considered in the sense of a remedy for the enforcement of the judgment, such remedy was nevertheless a part of the obligation of the contract and subject to constitutional protection against impairment. (*Gunn* v. *Barry,* 15 Wall. (82 U. S.) 610 ]21 L. Ed. 212].)

From any angle of the present controversy the conclusion is inescapable that the code amendments in 1927 did not destroy the judgment lien asserted by the defendants herein. This conclusion renders it unnecessary to pass upon other points discussed in the briefs.

The judgment is affirmed.

Seawell, J., Waste, C. J., Langdon, J., Thompson, J., and Curtis, J., concurred.