SHAW, P. J.
 

 This appeal presents the sole question
 
 whether section 690.24 of the Code. of Civil Procedure, exempting -from execution automobiles worth not more than one hundred dollars, is applicable to an execution to enforce a judgment based upon a contract existing when the section became a law. This section is part of a statute recasting the law providing for exemptions from executions (Stats. 1935, p. 1966), which took effect September 15, 1935. This statute amends section 690 of the Code of Civil Procedure, in which the whole list of exemptions was formerly contained, to read as follows: “The property mentioned in sections 690.1 to 690.-24, inclusive, of this code, is exempt from execution or attachment, except as therein otherwise specially provided.” Following this, a series of sections bearing the numbers referred to in the amended section 690 is added to the code, most of which are merely repetitions of previous provisions with new section numbers. Section 690.24, however, is entirely new and reads: ‘ ‘ One motor vehicle of a value not exceeding one hundred dollars. ’ ’ Until this enactment of 1935 no statutory provision had been made for the exemption of motor vehicles from execution, and the courts had refused to read any such provision into the statute.
 
 (Crown Laundry etc. Co.
 
 v.
 
 Cameron,
 
 (1919) 39 Cal. App. 617 [179 Pac. 525] ;
 
 Conlin
 
 v.
 
 Traeger,
 
 (1927) 84 Cal. App. 730 [258 Pac. 433] ;
 
 In re Wilder,
 
 (1915) 221 Fed. 476.) The obligation upon which judgment in this ease was founded was incurred before this statute became effective.
 

 “It is settled that every statute will be construed to operate prospectively unless the legislative intent to the contrary is clearly expressed. . . . The rule that a statute is presumed to operate prospectively only, unless an intent to the contrary clearly appears, is especially applicable to cases where retroactive operation of the statute would impair the obligations of contracts or interfere with vested rights.” (Jones
 
 *Supp. 751
 
 v.
 
 Union Oil Co.,
 
 (1933) 218 Cal. 775, 777, 778 [25 Pac. (2d) 5, 6]; to same effect,
 
 People
 
 v.
 
 Allied Architects Assn.,
 
 (1927) 201 Cal. 428, 437 [257 Pac. 511].) The statute here contains no expression of an intent to operate on existing rights. It says nothing on the subject. Until it took effect the plaintiff, and any other person in like position, had a right to satisfy his demand by levy on any automobile his debtor might own. Application of this statute to his case would limit that right and take away a part of it. Hence the rule above stated prevents its application to his claim here in suit.
 

 But even if a retroactive intent can be found in the statute, the application of the new exemption to executions issued on judgments based on preexisting contracts is prevented by the provisions of the Constitutions of the United States (art. I, sec. 10) and of California (art. I, sec. 16), forbidding laws impairing the obligation of contracts. It is argued that the creation of an exemption from execution is a matter going to the remedy, and this may be conceded, but does not exclude it from the constitutional prohibitions referred to. Statutory provisions creating new, or increasing old, exemptions have been considered several times b;?- the United States Supreme Court, and it has uniformly held that their application to executions based on preexisting contracts would violate the provision of the federal Constitution above referred to.
 
 (Gunn
 
 v.
 
 Barry,
 
 (1873) 15 Wall. 610 [21 L. Ed. 212];
 
 Edwards
 
 v.
 
 Kearzey,
 
 (1878) 96 U. S. 595 [24 L. Ed. 793] ;
 
 Bank of Minden
 
 v.
 
 Clement,
 
 (1921) 256 U. S. 126 [41 Sup. Ct. 408, 65 L. Ed. 857];
 
 W. B. Worthen Co.
 
 v.
 
 Thomas,
 
 (1934) 292 U. S. 426 [54 Sup. Ct. 816, 78 L. Ed. 1344, 93 A. L. R. 173].) “The legal remedies for the enforcement of a contract, which belong to it at the time and place where it is made, are a part of its obligation. A state may change them, provided the change involve no impairment of a substantial right. If the provision of the Constitution, or the legislative act of a state, fall within the category last mentioned, they are to that extent utterly void.”
 
 (Gunn
 
 v.
 
 Barry, supra.)
 
 “The remedy existing in a State when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is, therefore, void.”
 
 (Edwards
 
 v.
 
 Kearzey, supra.)
 
 A like construction was
 
 *Supp. 752
 
 placed on the provision of the California Constitution in
 
 Welsh
 
 v.
 
 Cross,
 
 (1905) 146 Cal. 621, 624 [81 Pac. 229, 106 Am. St. Rep. 63, 2 Ann. Cas. 796], where the court said, “The remedy, where it affects substantial rights, is included in the term 'obligation of a contract’, and the remedy cannot be altered so as to materially impair such obligations.” This is quoted and followed in
 
 Brown
 
 v.
 
 Ferdon,
 
 (1936) 5 Cal. (2d) 226, 231 [54 Pac. (2d) 712],
 

 As will be noted from an examination of the decisions cited, application of a change in the remedy to existing contracts is forbidden only if it materially impairs substantial rights, and it has been contended that the change here in question is not of that character. But we see no reason for holding that removal from the creditor’s reach of property worth one hundred dollars, or of the lesser net amount which might be available to him on a sale of such property, does not affect his substantial rights in a material degree. If compared to a debt of a million dollars, or other large sum, one hundred dollars might seem a trifling amount, and within the rule
 
 “de minimis”.
 
 But all debts are not large; probably those of which one hundred dollars would constitute a large proportion outnumber greatly those compared with which it could be regarded as trifling. The rights of the holder of a small claim may be as important to him and are certainly as much entitled to the protection of constitutional limitations as those of creditors whose claims run into large sums. The rule adopted in this matter must be of general application, not varying according to opinion as to the comparative importance of debt and exemption. This same question has been recently passed on in the United States District Court for the Southern District of California,
 
 In re Fox,
 
 (1936) 16 Fed. Supp. 320, where Judge Yankwich held section 690.24 not applicable to preexisting debts, saying on this point, “It cannot be said that the exemption of an automobile to the value of $100 is not a substantial or material withdrawal. It is as substantial as the withdrawal of wages in that amount.” So, also, in
 
 The Queen,
 
 (1899) 93 Fed. 834, 837, it was held by Judge De Haven that a new provision of the California statute exempting from execution seamen’s wages not exceeding $100 “as applied to previous contracts made with seamen, at a time when no such exemption is allowed, would materially lessen and impair the obligation of such
 
 *Supp. 753
 
 contracts”. In
 
 Johnson
 
 v.
 
 Fletcher,
 
 (1877) 54 Miss. 628 [28 Am. Rep. 388], it was held that a statute allowing a debtor an exemption of two horses, instead of one horse, as before, was a material increase in the exemption and could not be constitutionally applied to preexisting contracts, the court saying, “To a large class of our population, embracing those most injured as well as those most benefited by exemption laws, the difference between one horse and two is quite material . . . These people trade and traffic among themselves, and are creditors as well as debtors.”
 

 Our conclusion on the constitutional question furnishes an additional reason for holding that the new exemption under consideration was not intended to be retroactive. “The courts will never, if it can be avoided, impute to the legislature an intent to enact a law which is contrary to the Constitution.”
 
 (Estate of Potter,
 
 (1922) 188 Cal. 55, 65 [204 Pac. 826.]) If it is possible to construe a statute in such manner as will make it constitutional, it is the duty of the courts to adopt such construction.
 
 (Jeffreys
 
 v.
 
 Point Richmond etc. Co.,
 
 (1927) 202 Cal. 290, 294 [260 Pac. 548.])
 

 The order of the Municipal Court of the City of Long Beach allowing defendant’s claim of exemption of an automobile and discharging the levy of execution on said automobile is reversed, appellant to recover his costs of appeal, and said court is directed to enter its order denying said claim.
 

 Schauer, J., and Wilson, J.,
 
 pro tern.,
 
 concurred.