[Civ. No. 13881.   Second Dist., Div. Three.   July 17, 1943.]

CALIFORNIA TRUST COMPANY (a Corporation), as Trustee, etc., Plaintiff, v. LOUIS L. OTT, Appellant; MARSHALL L. COOPER, as Administrator, etc., Respondent.

Gibson, Dunn & Crutcher, E. H. Conley and Robert F. Schwartz for Appellant.

Desser & Rau as Amici Curiae on behalf of Appellant.

Geo. F. Wasson for Respondent.

BISHOP, J. pro tem.—Plaintiff, as a trustee faced with rival claims to the corpus of the trust which it had become duty bound to distribute to someone, brought this action to secure a judgment designating the proper distributee. From the judgment, which instructs the plaintiff to deliver the trust fund and property to the estate of the widow of Francis S. Ott, his brother appeals.

Francis S. Ott and Phebe Ott, husband and wife, executed the trust agreement appointing the plaintiff as trustee. The property assigned to the trustee was the separate property of the husband, consisting of the personal property to be distributed to him from the estate of his sister. In general, the trust provided for semi-annual payments of income and of a small fraction of the principal to the two trustors so long as they both live, and to the survivor of the two during his or her lifetime. The first paragraph of the Fifth subdivision of the trust instrument leads us toward the point of conflict in this case. It reads: "FIFTH: Upon the death of the survivor of the Trustors, the Trustee shall distribute the entire principal of the Trust Estate, or so much thereof as then remains, together with any undistributed income therefrom, to such persons and in such manner and proportions as the Trustor, Francis S. Ott, shall appoint by his Last Will and Testament duly admitted to probate in the State of California, or in default of such appointment or to the extent to which same shall not be effective, to the heirs of such Trustor, as such heirs shall then be determined in accordance with the laws of succession of the State of California now in full force and effect, and this Trust shall thereupon cease and terminate."

The trust agreement was executed in March of 1930. Francis S. Ott died in June of the same year, leaving a will which he had made in July of the previous year and which was duly admitted to probate in the State of California. By this will two specific bequests were made, one to Louis L. Ott, his brother, the appellant here, in "the sum of Ten Dollars ($10.00) in cash, and no more," and the other, the sum of five hundred dollars, to the Midnight Mission, Inc. Again it is the fifth subdivision of the instrument that merits detailed attention: "I give, devise and bequesth to my beloved wife, Phebe Ott, of Los Angeles, California, all the rest and residue of my estate, both real, personal and mixed, of every kind and nature, wherever the same may be situate, absolute, forever." Upon the death of the wife in February of 1941,

the plaintiff as trustee, had one remaining duty to perform, that is, to distribute the trust estate, consisting of about twenty-five thousand dollars in cash and one hundred shares of stock, to the proper person. If by his will Francis S. Ott had effectively appointed anyone to receive the trust estate, then the trustee's duty was to deliver it to that person. In default of such appointment, or if the appointment should prove ineffective, the trust estate should go to Louis L. Ott, the brother and only surviving heir of Francis S. Ott. The problem, before the trial court, then, was to determine whether or not Francis S. Ott had by his will made an effective appointment of someone to take the trust estate. An antecedent question may be phrased in these words: Did Francis S. Ott intend that his will should be an exercise of his reserved power?

The trial court found "that said Francis S. Ott, Deceased, intended to and did exercise in his Last Will above set forth, his power of appointment." We have reached the conclusion that the finding is supported. The will of Francis S. Ott purports, certainly, to devise all his real and personal property; the fifth subdivision clearly gives it that effect, following as it does the two specific bequests. ■ Section 1330 of the Civil Code, as it read from the adoption of that code in 1872 until the section was repealed to emerge as a part of section 125, Probate Code, in 1931, provides: "Real or personal property embraced in a power to devise, passes by a will purporting to devise all the real or personal property of the testator." We entertain no doubt that the effect of section 1330 has not been affected by its reenactment in a new context and in new words (Prob. Code, sec. 2; *Childs* v. *Gross*, (1940) 41 Cal. App.2d 680, 687, 688 [107 P.2d 424]) but we do not need to so hold, for the section, being one of interpretation, continues to control in this case, where the will and trust agreement were both drawn before the section was rewritten into the Probate Code. (See *Medical Finance Assn.* v. *Wood*, (1936) 20 Cal.App.2d Supp. 749, 750 [63 P.2d 1219], and cases cited.) By virtue of section 1330, therefore, the will was properly interpreted as an exercise of the power to devise the trust property, which the trustor-husband had retained.

■ The fact that the will was written before the trust agreement was executed does not except it from the effect

section 1330, Civil Code, gives it. "A power existing at the donee's death but created after the execution of his will is effectively exercised thereby if the will is an otherwise effective appointment." (Restatement, Property, sec. 344, "donee" having been defined, in section 319 as the person in whom the power to appoint is created or reserved. See also Annotation, 91 A.L.R. 631-642.)

It is true, of course, that Phebe Ott would never receive the trust property into her own hands, because so long as she lived the trustee would hold it. But a provision that property held in trust for the benefit of a person during his lifetime shall vest absolutely in him upon his death, is not so incongruous that it is not to be given effect. In *Estate of Wilson*, (1920) 184 Cal. 63 [193 P. 581], it is stated (p. 68] : ". . . it has often been held that there is no legal inconsistency in an heir who is made a life tenant by a will being included among 'the heirs' to whom the remainder is given." In *Estate of Goldberg*, (1938) 10 Cal.2d 709 [76 P.2d 508], there was involved a will which placed certain property in trust for Fritz, a son of the testator, followed by the provision: "Should my son Fritz die without either wife or child then said property shall vest absolutely in my children Gustave - Fritz - Amelia and Mrs. Emma Blue." Some thirty-five years later Fritz died, and the question before the court had to do with the proper decree of distribution. It was held that Fritz (though deceased) should have been named as a distributee, the court stating (p. 714) : "it appears as a matter of law that the estate of Fritz was empowered to take as a remainderman." The circumstance that Phebe Ott would of necessity be deceased when the trust property was to be delivered to the person to be appointed by the will of her husband, does not require us to conclude that the trial court should not have found that her husband intended his will to be an exercise of his reserved power of appointment.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 30, 1943, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1943.