[Civ. No. 22232. Fourth Dist., Div. One. Nov. 17, 1980.]

SAN DIEGO COUNTY CARPENTERS GROUP INSURANCE
et al., Plaintiffs and Appellants, v.
MARTY LOREA et al., Defendants and Respondents.

COUNSEL

Roy M. Cleator for Plaintiffs and Appellants.

Walter H. Lorenz for Defendants and Respondents.

OPINION

BROWN (Gerald), P. J.—Plaintiffs San Diego County Carpenters Group Insurance et al., (Carpenters) appeal a superior court order granting a dwelling-house exemption from a writ of execution based upon a recorded abstract of judgment against defendant Marty Lorea. Carpenters contend the dwelling-house exemption provided by Code of Civil Procedure[1] section 690.31 should not apply to the Loreas' home which was not exempt at the time the abstract of judgment was recorded.

In January 1973 Carpenters recorded an abstract of judgment for $2,377 against Marty Lorea.

---

[1]All references are to Code of Civil Procedure unless otherwise specified.

On June 11, 1979, Carpenters applied for a writ of execution on the Loreas' home in satisfaction of the judgment.

On June 26, 1979, Lorea and his wife Joann recorded a declaration of homestead (Civ. Code, § 1237 et seq.).

In September 1979, the superior court granted an exemption for the home under section 690.31, subdivision (a)(1).

California Constitution, article XX, section 1.5 provides: "The Legislature shall protect, by law, from forced sale a certain portion of the homestead and other property of all heads of families."[2] Consistent with this mandate, since 1872 Civil Code section 1237 et seq., has provided a strict scheme by which a homeowner may exempt his home from execution of a judgment and forced sale.

In this case, between 1973, when the abstract of judgment was recorded, and 1979, when Carpenters applied for the writ of execution, the Legislature enacted section 690.31.[3] This section describes the homestead exemption in terms of a "dwelling house" exemption, and enumerates the exceptions to it and the procedure for claiming the exemption. The purpose of section 690.31 is to give homeowners an exemption on their homes without having to follow the procedural rules involved in filing a declaration of homestead. In effect, the Legislature granted automatic homesteads to all owners who lived in homes in California (*San Diego White Truck Co.* v. *Swift* (1979) 96 Cal.App.3d 88, 92 [157 Cal.Rptr. 745]). Homeowners may now either declare a homestead under Civil Code section 1237 et seq., or obtain a "dwelling house" exemption under Code of Civil Procedure section 690.31. The question presented here is whether the exemption of section 690.31 may be applied retroactively where the abstract of judgment was filed before the effective date of the statute.

---

[2]Identical language appears in article XI, section 15 of the 1849 Constitution and in article XVII, section 1 of the 1879 Constitution.

[3]Section 690.31 reads in relevant part: "(a)(1) A dwelling house in which the debtor or the family of the debtor actually resides shall be exempt from execution, to the same extent and in the same amount, except as otherwise provided in this section, as the debtor or the spouse of the debtor would be entitled to select as a homestead pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code. For the purpose of this section, 'dwelling house' means the dwelling house together with the outbuildings and the land on which the same are situated."

Section 690.31 superseded section 690.235, which was in effect from July 1, 1975, until July 1, 1977. For all practical purposes the statutes are identical.

The abstract of judgment was recorded more than two years before the dwelling house exemption statute was enacted and six years before the Loreas recorded their declaration of homestead. A declaration of homestead will not defeat a judgment obtained before the declaration was filed (Civ. Code, § 1241;[4] *Swearingen* v. *Byrne* (1977) 67 Cal.App. 3d 580, 584 [136 Cal.Rptr. 736]).

In enacting section 690.31, the Legislature was aware of the pitfalls of retroactive application of the statute to situations such as this. The enacting legislation states, "Nothing in this act shall be construed to alter, change or modify the rights of any lienholder or encumbrancer vested [before] July 1, 1977...."[5] Recording an abstract of judgment with the county recorder creates a lien on all nonexempt property of the judgment debtor in that county (*Carroll* v. *Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 484 [143 Cal.Rptr. 772]; §§ 674, subdivision (a), 674, subdivision (c)).[6] The rights of Carpenters had vested before the statute was enacted and we may not construe the legislative purpose to interfere with those rights.

The Loreas argue it was the intent of the Legislature that section 690.31 apply retroactively to debts incurred before the operative date of the statute in order to accomplish its "benevolent purpose," citing this court's decision in *San Diego White Truck Co.* v. *Swift, supra,* 96 Cal. App.3d 88, 92, in which we said, "The express language of the legisla-

---

[4]Civil Code section 1241 reads in relevant part: "The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

"1. Before the declaration of homestead is recorded and which, at the time of such recordation, constitute liens upon the premises."

[5]Statutes 1976, chapter 1000, section 5.

[6]Section 674, subdivision (a): "An abstract of the judgment or decree of any court of this state, including a judgment entered pursuant to Chapter 1 (commencing with Section 1710.10) of Title 11 of Part 3, or a judgment of any court sitting as a small claims court, or any court of record of the United States, the enforcement of which has not been stayed on appeal or pursuant to section 1710.50, certified by the clerk, judge or justice of the court where such judgment or decree was rendered, may be recorded with the recorder of any county and from such recording the judgment or decree becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in such county, owned by him at the time, or which he may afterward and before the lien expires, acquire...."

Section 674, subdivision (c): "With respect to real property containing a dwelling house judicially determined to be exempt from levy of execution pursuant to the provisions of Section 690.31, as distinguished from property subject to a declared homestead created pursuant to Title 5 (commencing with Section 1237) of Part 4 of Division 2 of the Civil Code, a judgment lien created pursuant to subdivision (a) of this section shall attach to such real property notwithstanding the exemption provided by Section 690.31...."

tion reflects the intent of the Legislature to include all debtors regardless of when the debt was incurred." In that case, however, the abstract of judgment was filed after the effective date of section 690.31. While ruling that the debtor-homeowner could protect his home in that circumstance, we specifically excepted those debtors against whom a judgment was recorded before the effective date of the statute (*San Diego White Truck Co. v. Swift, supra*, 96 Cal.App.3d 88, 92, 94).[7]

Even if the section 690.31 exemption may not be applied retroactively here, the Loreas also argue, their failure to comply with the recording requirements of the homestead act does not defeat their asserted right to an exemption. They contend the constitutional provision (art. XX, § 1.5) automatically exempts all homesteads in California from forced sale to satisfy judgment debts, and the Legislature may not validly limit homestead rights by requiring a homeowner to record a declaration of homestead to perfect his claim of exemption. This argument is meritless. The constitutional provision is not self-executing; by itself, it does not exempt any property. In addition, the plain language of article XX, section 1.5 gives the Legislature "the right to impose *reasonable* requirements and regulations as to the manner and method of perfecting the claim of exemption,. . ."; requiring the homeowner to record a declaration of homestead is reasonable (*Taylor v. Madigan* (1975) 53 Cal. App.3d 943, 960 [126 Cal.Rptr. 376]).

The order is reversed.

Wiener, J., and Work, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 14, 1981. Bird, C. J., was of the opinion that the petition should be granted.

---

[7]"Except as to those creditors whose judgments were recorded before the operative date of the legislation, the debtor-homeowner could now protect his home after the judgment and recordation of the abstract by invoking the benefits of section 690.31." (*San Diego White Truck Co. v. Swift, supra*, 96 Cal.App.3d 88, 92.) (See also: 6 Pacific L.J. 125, 214; *Krause v. Superior Court* (1978) 78 Cal.App.3d 499, 507 [144 Cal. Rptr. 194].)