**In the Matter of SPRINGFIELD CON-STRUCTION COMPANY, Debtor.**

**Bankruptcy No. 3–82–01622.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 30, 1983.

not "authorized" by the Court within the meaning of § 549(a)(2)(B).

7. Cal.Civ.Code = $40,000
   11 U.S.C. § 522(b)(1), (d)(5) = $7,500
   11 U.S.C. § 522(b)(1), (d)(1) = $300

Thomas R. Noland, Dayton, Ohio, for debtor.

Carl E. Juergens, Springfield, Ohio, for trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Application, *inter alia,* "for Order to Turnover 1978 Chevrolet Pickup Truck with Title and to Show Cause Why Debtor's Discharge Should not be Denied" filed by the Trustee on 10 December 1982. The Application *inter alia,* essentially alleges that, prior to Debtor's Petition filing, Debtor's President transferred title and possession of the subject truck to Debtor's President's father-in-law, and that such transfer constituted a preferential transfer as defined in 11 U.S.C. § 547; and, also, that the Debtor allegedly disposed of estate assets and is refusing to account for the proceeds.

The Court heard the matter on 9 January 1982. Debtor appeared at the hearing and the parties indicated to the Court that the matter could be resolved by "settlement." The alleged transferee was apparently not properly notified and did not enter an appearance in the instant proceedings.

The settlement apparently did not materialize, and the parties instead submitted briefs.

The Trustee argues that Debtor's President has been uncooperative in assisting in "turnover" of the subject truck, and that such lack of cooperation justifies denial of discharge of Debtor.

Debtor responds that Debtor's President has informed his father-in-law of the allegation of a preferential transfer, but that the father-in-law apparently believes that the truck was transferred in lieu of cash wages and that such transfer was not pref-

erential. Apparently, the father-in-law and the subject truck are presently in Texas.

■ Upon review of the record, it is the determination of the Court that a proper adversarial action should be initiated by Complaint pursuant to Part VII of the Rules of Bankruptcy Procedure. B.R.P. 701 and 703. The Court also notes that it appears from the record that Debtor's President's father-in-law, the alleged transferee, is an indispensable party in such action.

■ It is further noted parenthetically that in any event a discharge in bankruptcy is denied by statute to a corporation. 11 U.S.C. § 727(a)(1).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Trustee's Application to Order Turnover is DENIED.