**In re Robert John ARROL, Debtor.**

**No. 97–40206 JR.**

United States Bankruptcy Court,
N.D. California.

April 16, 1997.

**19.** *Stuart v. Koch (In re Koch),* 109 F.3d 1285, 1290 (8th Cir.1997).

**20.** *Koch,* 109 F.3d 1285, 1288–89 (8th Cir.1997).

William H. Broach, Chris Kuhner, of Kornfield, Paul & Bupp, for Trustee.

Robert John Arrol, Elliot Abrams, for Debtor.

## DECISION

EDWARD D. JELLEN, Chief Judge:

William H. Broach, trustee in bankruptcy, has objected to the debtor's claim of exemption as to $75,000 of equity in his residence situated in the State of Michigan. The objection raises an interesting issue as to the applicability of California's automatic homestead exemption to a debtor's residence that is not in California. The objection will be overruled.

## I. BACKGROUND

The facts are undisputed. In 1982, debtor Robert John Arrol ("Arrol") purchased a home in the State of Michigan (the "Residence"). In October 1994, Arrol moved to California, but retained ownership of the Residence. Toward the end of October 1996, Arrol moved back to Michigan because he had lost his job. On January 9, 1997, Arrol filed a voluntary Chapter 7 petition in the Northern District of California. This was the proper venue because Arrol had resided in the district for the longer portion of the 180 days that preceded the filing of the petition. See 28 U.S.C. § 1408(1) [1]. Arrol resided in the Residence on the date of the petition, and continues to do so.

In his Schedule C (Claims of Exemption), Arrol, a married man, claimed a $75,000 exemption under Cal.Civ.Pro.Code § 704.730 (West Supp.1997), California's "automatic" homestead exemption. The trustee's timely objection followed.

---

1. 28 U.S.C. § 1408 provides as follows:

   Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
   (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
   (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

The trustee argues that California has no interest in protecting Michigan debtors with respect to their homes situated in Michigan. It follows, the trustee contends, that California's automatic homestead exemption is limited to residences situated in California, and is thus not available to Arrol. The trustee also notes that the maximum amount of the Michigan homestead exemption is only $3,500, and argues that Arrol should not be able to use California law to obtain a larger exemption.

## II. *DISCUSSION*

### A. *California Exemption Law Determines Arrol's Exemptions.*

■ Initially, the trustee argues that under traditional choice of law principles, the court should look to Michigan, not California, law to determine Arrol's exemptions. As a general rule, state homestead laws have no extraterritorial force, and are only available to residents of the state. *See, e.g.,* 40 Am. Jur.2d Homestead § 14 (1968); *In re Peters,* 91 B.R. 401, 403 (Bankr.W.D.Tex.1988).

■ Here, however, the general rule does not apply. Rather, the choice of law issue is governed by Bankruptcy Code § 522(b)(2)(A), which provides, in relevant part, that a debtor may claim as exempt:

any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of filing of the petition, or for a longer portion of such 180–day period than in any other place....

The trustee does not dispute that Arrol's domicile was in California for the "longer portion" of the 180 day period prior to the filing of his bankruptcy petition. Therefore, the property that Arrol may claim as exempt is the property that is exempt under California law[2]. Arrol did not have the option of claiming exemptions under Michigan law, and the court does not have discretion to apply Michigan exemption law.

■ The court notes that this result is not one that would permit prospective bankruptcy debtors to maximize their exemptions by temporarily changing their state of residence. Unlike the bankruptcy venue statute, 28 U.S.C. § 1408, which refers to domicile, residence, principal place of business, or principal assets, Bankruptcy Code § 522(b)(2)(A) refers to only "domicile." Domicile is "established by physical presence in a place ... with ... intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989). Therefore, a temporary change of residence, even for the majority of the 180 days preceding a bankruptcy petition, would not effect a change in the state law that governs a debtor's exemptions.

### B. *California's Automatic Homestead Exemption is Available.*

■ The next question is whether California's automatic homestead exemption is available to a bankruptcy debtor whose residence at the date of the petition is not situated in California. This is a matter of statutory construction, and therefore, the appropriate starting place is the language of the statute. *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575–76, 108 L.Ed.2d 842 (1990); *Lundquist v. Reusser,* 7 Cal.4th 1193, 1205, 31 Cal. Rptr.2d 776, 875 P.2d 1279 (1994).

Cal.Civ.Pro.Code § 704.710(c) (West 1987) provides, in relevant part:

"Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

Thus, the statutory language does not limit "homestead" to dwellings situated in the State of California[3].

---

**2.** Pursuant to Bankruptcy Code § 522(b)(1), California has opted out of the Bankruptcy Code's exemptions. Cal.Civ.Pro.Code § 703.130 (West 1987).

**3.** Nor does the California Constitution mention any such limitation. It merely provides: "The

Moreover, a construction that would imply a limitation on the availability of the exemption in a fashion not mandated by the statutory language would violate the well-established policy of both California law, *Bank of California v. Virtue and Scheck*, 140 Cal.App.3d 1026, 1033–34, 190 Cal.Rptr. 54 (1983), and federal bankruptcy law, *In re Glass*, 164 B.R. 759, 764 (9th Cir. BAP1994), that exemptions be broadly and liberally construed in favor of the debtor. Such a construction would also violate California's policy that "homestead statutes are to be construed liberally on behalf of the homesteader." *Ingebretsen v. McNamer*, 137 Cal. App.3d 957, 960, 187 Cal.Rptr. 529 (1982); *Fisch, Spiegler, Ginsburg & Ladner v. Appel*, 10 Cal.App.4th 1810, 1813, 13 Cal. Rptr.2d 471 (1992).

The trustee concedes that California's scheme of exemptions, as applied in a bankruptcy case, does not limit a debtor's choice of exemptions to property that is situated in California. For example, the trustee concedes that pursuant to Cal.Civ.Pro.Code § 704.010 (West Supp.1997), a bankruptcy debtor may claim as exempt $1,900 of equity in an automobile that was physically out of California at the date of the bankruptcy petition. The trustee argues, however, that an automobile or personal property, unlike real property, is capable of being moved into California. The trustee also argues that Cal.Civ. Pro.Code § 704.710(c) should be construed with regard to traditional principles of comity, under which matters affecting interests in, or title to, real property in any given state is not an appropriate subject for legislation by another state.

The court rejects this argument because California's automatic homestead exemption, as consistently construed by the governing case law, does not confer any equity interest in real property upon a debtor who claims the exemption. Cal.Civ.Pro.Code

§§ 704.720(a) and (b) (West 1987) provide as follows:

(a) A homestead is exempt from sale under this division to the extent provided in Section 704.800 [4].

(b) If a homestead is sold under this division or is damaged or destroyed or is acquired for public use, the proceeds of sale or of insurance or other indemnification for damage or destruction of the homestead or the proceeds received as compensation for a homestead acquired for public use are exempt in the amount of the homestead exemption provided in Section 704.730. The proceeds are exempt for a period of six months after the time the proceeds are actually received by the judgment debtor, except that, if a homestead exemption is applied to other property of the judgment debtor or the judgment debtor's spouse during that period, the proceeds thereafter are not exempt.

Thus, California's automatic homestead exemption confers two different types of protection on a debtor. First, the debtor is protected against a forced sale for an amount less than the aggregate of liens plus the exemption amount. Cal.Civ.Pro.Code §§ 704.720(a) and 704.800(a). Second, if the property is sold at a forced sale, the debtor is entitled to receive sales proceeds totaling the amount of the exemption. Cal.Civ.Pro.Code § 704.720(b). *See In re Anderson*, 824 F.2d 754, 760 (9th Cir.1987).

These protections do not vest the debtor with any interest in real property, and thus, are not of the type that would intrude on a foreign state's prerogative to regulate the real property within its borders. For example, the automatic homestead exemption does not confer any rights on a debtor in the context of a voluntary sale. *See Anderson*, 824 F.2d at 757. Nor does it remain with the property if the debtor changes residence.

---

legislature shall protect, by law, from forced sale, a certain portion of the homestead and other property of all heads of families." Cal. Const., Art. 20, § 1.5.

4. Cal.Civ.Pro.Code § 704.800(a) (West 1987) provides that the property may not be sold at a

judgment lien sale unless a bid is obtained that "exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property, including but not limited to any attachment or judgment lien."

*Id.* Nor does it confer any legal or equitable title to real property on the debtor that might be in derogation of the title that a trustee in bankruptcy acquires under Bankruptcy Code § 541(a) [5].

■ Moreover, postbankruptcy appreciation in the homestead property belongs to the bankruptcy trustee, and not the debtor. *In re Reed,* 940 F.2d 1317, 1323 (9th Cir. 1991). *See also In re Hyman,* 967 F.2d 1316, 1321 (9th Cir.1992) ("The California statute gives the [debtors] a $45,000 [6] exemption as of the time of sale, not a $45,000 equity interest in the property." *Id.*) In summary, as the court in *Reed* stated with reference to California's automatic homestead exemption:

> The language of the relevant statutes makes it clear that the "homestead" exemption in California is merely a debtor's right to retain a certain sum of money when the court orders sale of the homestead in order to enforce a money judgment; it is not an absolute right to retain the homestead itself.

*Reed,* 940 F.2d at 1321.

Thus, in construing California's exemption scheme, there should be no distinction between a debtor's right to exempt proceeds from a bankruptcy trustee's sale of the debtor's out-of-state automobile, and a debtor's right to exempt proceeds from a bankruptcy trustee's sale of the debtor's out-of-state residence. Similarly, there should be no distinction as to the debtor's right to bar a bankruptcy trustee from selling either the automobile or the residence for an amount that will not be sufficient to pay off the liens plus the amount of the debtor's exemption.

The trustee also argues that California's automatic homestead exemption includes procedures for selling homestead property in satisfaction of a judgment, which California could not impose on an out-of-state court [7]. It follows, argues the trustee, that the exemption must be limited to California real property.

■ This argument is not persuasive. But for the intervention of bankruptcy and the applicability of Bankruptcy Code § 522(b)(2)(A), Michigan, rather than California, law would undoubtedly govern Arrol's exemptions. Bankruptcy Code § 522(b)(2), however, brings California's exemptions into play even though Arrol is not a resident. Thus, the fact that California cannot impose its exemption procedures on another state does not preclude a construction of California's exemption laws in a fashion that offers their benefits to bankruptcy debtors who file their petitions in California.

This conclusion is supported by *In re Pladson,* 35 F.3d 462 (9th Cir.1994). In *In re Pladson,* 154 B.R. 305 (N.D.Cal.1993), the district court held that California's automatic homestead exemption was not available to California bankruptcy debtors because the exemption applied only in a situation where a creditor was seeking to enforce a money judgment in a nonbankruptcy context. *Id.* at 306. The court of appeals reversed, *In re Pladson,* 35 F.3d 462 (9th Cir.1994), explaining that when California opted-out of the federal exemption scheme in 1984, it also enacted a new Cal.Civ.Pro.Code § 703.140(a) (West 1987), which provided for California's exemptions to be available to debtors in bankruptcy cases. *Id.* at 465. The court of appeals observed, however, that the amendments:

> did not contain language specifically amending the many existing statutory sections dealing with the scope of the various exemptions and the procedures for effecting them. In view of the broad language of the statute granting exemptions to bankruptcy debtors, the legislature may well have decided that a host of specific amendments was not necessary. But the legislature's failure to amend each of those

---

**5.** Bankruptcy Code § 541(a) provides that a trustee in bankruptcy assumes title to "all legal or equitable interests of the debtor in property as of the commencement of the case."

**6.** The exemption amount has since been increased to $75,000 in the case of a married debtor. Cal.Civ.Pro.Code § 704.730(a)(2).

**7.** Cal.Civ.Pro.Code § 704.740 *et seq.* (West 1987) sets forth various procedural requirements, which involve the court, that a creditor must follow before the creditor may cause a judgment lien sale of a residence subject to an automatic homestead exemption.

many existing statutes specifically to include bankruptcy debtors within their terms may well have played a part in the district court's erroneous construction.

*Id.* It may be true that the procedural aspects of California's automatic homestead exemption cannot apply, out-of-bankruptcy, to a creditor's enforcement of a money judgment against an out-of-state residence. Based on the statutory drafting considerations discussed in *Pladson,* however, it does not follow that the California statute should be construed to likewise deny the substantive benefits of the exemption to a debtor in the context of a bankruptcy case in which California's exemptions apply.

This conclusion is bolstered by the legislative history for the amendments to the Cal. Civ.Pro.Code that the California legislature enacted in the wake of the district court's *Pladson* decision. As the court of appeals noted, the legislative history for these amendments states:

> It is not, and never has been, the intention of the Legislature to restrict any of the exemptions in bankruptcy because of technical language concerning the procedures for claiming exemptions in state money judgment enforcement proceedings....

*Pladson,* 35 F.3d at 464, quoting Cal.Civ.Pro. Code § 703.140 (West 1994 Supp.) (Historical and Statutory Notes).

Finally, this conclusion is supported by the language of Bankruptcy Code § 522(b)(2)(A), which does not incorporate the totality of the substantive and procedural exemption law of the applicable state. Rather, Bankruptcy Code § 522(b)(2) merely provides that the property that a bankruptcy debtor may exempt is the property that is exempt under the laws of the applicable state, which in this case is California [8].

The cases cited by the trustee are not to the contrary. In *San Diego Carpenters Group v. Lorea,* 112 Cal.App.3d 221, 169 Cal.Rptr. 157 (1981), the issue was whether California's automatic homestead exemption was available when the debtor had incurred the debts in question before the operative date of the statute that created the exemption. In discussing this issue, the court merely noted that the "legislature granted automatic homesteads to all owners who lived in homes in California" (citation omitted). *Id.* at 233, 169 Cal.Rptr. 157. Out-of-state property was not at issue, nor did the court say that the exemption was limited to homes in California. Similarly, in *In re Mayer,* 156 B.R. 54 (Bankr.S.D.Cal.1993), *aff'd in part, vacated and remanded in part,* 167 B.R. 186 (9th Cir. BAP 1994), the issues were whether California's automatic homestead exemption applied when the debtor did not reside in the property at the date the judgment lien attached, and whether the debtor could avoid the judgment lien under Bankruptcy Code § 522(f). Again, the lower court's statement that the exemption is available to "each homeowner in the state", *Mayer,* 156 B.R. at 56, was merely incidental, and in context, is irrelevant for present purposes.

Another reported case, *In re Peters,* 91 B.R. 401 (Bankr.W.D.Tex.1988), involved an attempt by a bankruptcy debtor to claim property in Sao Paulo, Brazil as exempt under Texas homestead law. The governing Texas definition of homestead, however, provided that it "applies to all homesteads *in this state* whenever created", *id.* at 404 (quoting Texas Property Code § 41.002(c); emphasis in original of *Peters* opinion only), thereby distinguishing the Texas statute from the California statute.

## III. *CONCLUSION*

For the foregoing reasons, the court holds that Arrol properly claimed the Residence as exempt under California's automatic homestead exemption. The trustee's objection will therefore be overruled.

---

8. The procedures for claiming and objecting to claims of exemption in a bankruptcy case are not governed by state law, but by federal bankruptcy law. *See* Bankruptcy Code § 522(l); Fed. R.Bankr.P. 4003.