[No. D016583. Fourth Dist., Div. One. Nov. 20, 1992.]

FISCH, SPIEGLER, GINSBURG & LADNER, Plaintiff and Appellant, v. DANIEL H. APPEL, as Trustee, etc., et al., Defendants and Respondents.

## COUNSEL

Fisch, Spiegler, Ginsburg & Ladner, Joseph J. Fisch and James H. Cook for Plaintiff and Appellant.

Buchbinder & Haynes, David L. Buchbinder and Pamela LaBruyere for Defendants and Respondents.

## OPINION

**KREMER, P. J.**— Fisch, Spiegler, Ginsburg & Ladner, a professional legal corporation (Fisch) appeals an order declaring valid the homestead exemption of Daniel and Marlene Appel (the Appels). Title to the subject property was in a revocable living trust, an estate planning device whose popularity has increased in recent years. (Drafting Cal. Revocable Living Trusts (Cont.Ed.Bar 2d ed. 1984) p. ix.) We determine the Appels qualify for the homestead exemption even though the trust held title and therefore affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

The Appels are trustees of the Appel revocable family trust dated April 19, 1989 (trust). Fisch drafted the trust instrument. In 1989, in reliance on legal advice from Fisch, the Appels quitclaimed the home in which they resided to the trust.

On June 20, 1990, upon Fisch's advice, the Appels as trustees recorded a declaration of homestead on the property. On September 4, 1991, Fisch obtained a judgment against the trust and Daniel Appel. The judgment was entered the next day.

On January 3, 1992, Fisch filed an application for an order for sale of the home. As of the date of the application, the balance due on the judgment was $317,562.66. The property was encumbered by a senior lien in favor of Wells Fargo Bank in the amount of $668,023.92. The Appels were in default on payments to Wells Fargo, facing foreclosure, and in the process of selling the property. The full assessed market value of the home was $802,200.49.

In the court below, Fisch argued the trust, as owner of the property, was not entitled to a homestead exemption because it was not a natural person. The Appels argued they were entitled to a $75,000 homestead exemption inasmuch as they had filed the homestead declaration as trustees, possessed a beneficial interest in the trust, and occupied the property as their principal residence.

On February 14, 1992, the trial court ruled the Appels as trustees held a valid $75,000 homestead exemption and ordered the property sold subject to the exemption. According to the Appels, the property was sold and the net proceeds of $63,608.65 are being held in trust pending this appeal.

### DISCUSSION

■ Fisch contends the Appels do not qualify for a homestead exemption because the owner of the property was the trust, not a natural person, and the statute specifically excludes the interest of a beneficiary of a trust from the definition of dwelling.

Code of Civil Procedure[1] section 704.910 provides in pertinent part:

"(a) 'Declared homestead' means the dwelling described in a homestead declaration.

---

[1]All statutory references are to the Code of Civil Procedure.

"(b) 'Declared homestead owner' includes . . . :

"(1) The owner of an interest in the declared homestead who is named as a declared homestead owner in a homestead declaration recorded pursuant to this article.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) 'Dwelling' means any interest in real property (whether present or future, vested or contingent, legal or equitable) that is a 'dwelling' as defined in Section 704.710, but does not include . . . the interest of the beneficiary of a trust."

The Appels say they are entitled to revoke the trust, an assertion which Fisch does not dispute. Although the trust instrument is not part of the record, in light of the Appels' uncontradicted statement it appears the Appels are trustors. This gave them a contingent reversionary interest in the subject property (see *In re Moffat* (C.D.Cal. 1989) 107 Bankr. 255, 259), an interest in real property within the meaning of section 704.910, subdivision (c). Furthermore, the Appels maintain they have life estates in the trust assets, another claim which Fisch fails to dispute. This too amounts to an interest in real property within the meaning of section 704.910, subdivision (c). While a trust is not a natural person, and the homestead exemption applies only to property of natural persons (§ 703.020, subd. (a)), there is no requirement title be held by a natural person. "[H]omestead statutes are to be construed liberally on behalf of the homesteader." (*Ingebretsen* v. *McNamer* (1982) 137 Cal.App.3d 957, 960 [187 Cal.Rptr. 529].) We determine placing title to property in a revocable living trust does not preclude homeowners from availing themselves of the benefits of the homestead law.

Nor would such preclusion be desirable. As noted above, revocable living trusts enjoy extensive use. They serve many estate planning functions related to taxation and other matters. For example, they can be used to manage the trustor's assets during his or her lifetime, avoiding the necessity of establishing a conservatorship in the event of incapacity; provide for the disposition of property without probate on the trustor's death; and afford unified management of the property of a surviving spouse and a decedent. (Drafting Cal. Revocable Living Trusts, *supra*, § 2.1, pp. 14-15; 1 Estate Planning Practice (Cont.Ed.Bar 1991) § 4.76, pp. 174-175.) The importance of the living trust as an estate planning device and the homestead law's equal importance support our conclusion that while a revocable trust held title to the property, the Appels had an interest in the property supporting their homestead exemption.

## Disposition

Judgment affirmed.

Huffman, J., and Froehlich, J., concurred.