

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: RAMONA G. FONTAINE,<br><br>       Debtor.<br>_____<br><br>RAMONA G. FONTAINE and CIRILO<br>G. REYES,<br><br>       Appellants,<br><br>  v.<br><br>ROBERT L. CONN; et al.,<br><br>       Appellees. | No. 10-60050<br><br>BAP No. 10-1003<br><br>MEMORANDUM* |
| In re: RAMONA G. FONTAINE,<br><br>       Debtor.<br>_____<br><br>RAMONA G. FONTAINE and CIRILO<br>G. REYES,<br><br>       Appellants,<br><br>  v. | No. 10-60054<br><br>BAP No. 10-1004 |

        * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ROBERT L. CONN; et al.,

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Hollowell, and Kirscher, Bankruptcy Judges, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Ramona G. Fontaine, a Chapter 7 debtor, and her husband, Cirilo G. Reyes, ("appellants") appeal pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's summary judgment for appellee Robert L. Conn in an adversary proceeding concerning ownership of real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP, and the bankruptcy court's ruling on summary judgment. *Arrow Elecs., Inc. v. Howard Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000). We affirm.

The bankruptcy court properly granted summary judgment for Conn because Conn was the fee simple owner of the property located at 3986 Astaire Avenue, Culver City, California, as of March 12, 2008. *See Gaughan v. Edward Dittlof Revocable Trust (In re Costas)*, 555 F.3d 790, 793 (9th Cir. 2009) (debtor's and

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy estate's property rights are governed by state law); *see also* Cal. Civ. Code § 1214 (rendering an unrecorded conveyance void as against any judgment affecting the title, unless the conveyance was duly recorded before the record of notice of action); *cf. Hurst Concrete Prods., Inc. v. Lane (In re Lane)*, 980 F.2d 601, 604 (9th Cir. 1992) (under California law, a judgment affecting the title or right of possession of property supports a lis pendens). Accordingly, the bankruptcy court also properly determined that Fontaine had no ownership interest in the property which would allow for a homestead exemption in her bankruptcy case. *See* Cal. Civ. Code § 1214; *see also Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1007 (9th Cir. 1993) (only property of the estate is subject to exemption under 11 U.S.C. § 522); 11 U.S.C. § 541(a)(1) ("property of the estate" includes all legal and equitable interests that the debtor has in property as of the commencement of the bankruptcy).

Appellants' motion for a stay of the bankruptcy proceedings pending appeal is denied as moot.

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**

10-60050