Filed 6/21/16  Nowak v. Merrill CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KRISTIN NOWAK et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>ERNEST MERRILL,<br><br>Defendant and Appellant,<br><br>DREAM CATCHER RANCH et al.,<br><br>Real Parties in Interest and Respondents. | F071044<br><br>(Madera Super. Ct.<br>No. MCV048118)<br><br><br>**OPINION** |

APPEAL from an order of the Superior Court of Madera County.  James E. Oakley, Judge.

Goldstein, Horner & Horner and H. Lee Horner, Jr. for Defendant and Appellant.

Law Offices of Michael J. Lampe and Michael P. Smith for Plaintiff and Respondent.

Askew & Archbold and Richard Archbold for Plaintiffs and Respondents.

No appearance for Real Parties in Interest and Respondents.

-ooOoo-

## INTRODUCTION

Defendant Ernest Merrill[1] appeals from an order for sale of a 160-acre parcel of property in O'Neals, California. Plaintiffs, Kristin Nowak, Rose Medford, Dion Henke, Monte McFall, and First American Title, are judgment creditors of Dream Catcher Ranch, a Nevada corporation. All the rights, title and interest of respondents Dream Catcher Ranch (DCR), Little Butte Cattle Company (LBCC), and Lila Merrill, in the property were ordered to be sold pursuant to the trial court's order.

Merrill claims he is entitled to $175,000 in proceeds from the sheriff's sale of the property under the automatic homestead exemption. Merrill is the sole shareholder and director of DCR, and contends he is entitled to the exemption because he had the right to demand conveyance of the property from DCR to himself, at any time. He also claims he continuously occupied the property as his principal place of residence for the requisite period of time under the homestead exemption statute.

The trial court held Merrill was not entitled to the exemption. DCR owned the O'Neals property, and the homestead exemption applies only to the property of natural persons. We conclude the homestead exemption does not apply and affirm the order.

## FACTS AND PROCEDURAL HISTORY

Since its incorporation, Merrill has been the sole director and shareholder of DCR, a Nevada corporation. In 2002, DCR purchased 4,500 acres of land in O'Neals. Merrill effected the sale of all but one 160-acre parcel of the property. The parcel ("the O'Neals property"), was improved with a barn and an uncompleted house.

---

[1] Ernest Merrill was the only defendant who appealed the trial court's order. He died during the pendency of his appeal. His son, Ernest Edward Merrill, who is the executor of his estate, was substituted as the appellant for all purposes. We refer to Ernest Merrill ("Merrill") throughout this opinion because all claims were originally made by him.

In 2010, Merrill executed conveyance of the O'Neals property from DCR to LBCC, a Nevada corporation, of which Merrill was also the sole shareholder and director. The conveyance left DCR insolvent. It also occurred within two months of plaintiffs' filing suit against Merrill for fraudulent misrepresentations Merrill made in the sale of some of the other parcels of the O'Neals property.

Merrill subsequently executed conveyance of the O'Neals property from LBCC to Mark and Barbara Allen, Merrill's son-in-law and daughter. In 2012, the Allens conveyed the property to Merrill and his wife, defendant Lila Merrill.

In 2013, the trial court ruled in favor of plaintiffs in their suit against Merrill. The court held the conveyances were fraudulent and had been orchestrated by Merrill in an attempt to avoid DCR's creditors, plaintiffs. As a result, the court voided all conveyances and imposed on constructive trust on the O'Neals property for the benefit of the creditors.

Following the trial court's decision, plaintiffs filed an application for an order of sale of the O'Neals property. Merrill filed a conditional opposition, asserting he did not oppose the sale of the home provided he received $175,000 in proceeds from the sale. He claimed he was entitled to the proceeds under the automatic homestead exemption.

The trial court held a hearing on Merrill's claim, and issued a tentative ruling denying Merrill's homestead exemption. Under section 704.740, subdivision (a) of the Code of Civil Procedure,[2] the homestead exemption applies only to "the interest of a natural person in a dwelling." A corporation is not a natural person.

The O'Neals property was originally owned by DCR, a corporation. Although the property was transferred to various persons and entities through a series of conveyances, the conveyances were voided by the court. Relying on *Nicolos v. Grover* (1986) 186

_____

[2] All undefined statutory references are to the Code of Civil Procedure unless otherwise indicated.

Cal.App.3d 858, 862, the court explained the property must, therefore, be treated as if no conveyance from DCR had ever been made. Because a corporation owned the O'Neals property, Merrill could not claim the homestead exemption.

The trial court also heard testimony from various witnesses as to whether Merrill continuously occupied the O'Neals property as his principal residence. The court made no express finding on this issue.

After posthearing briefs were filed by the parties, the trial court issued an order granting plaintiff's application for sale of the O'Neals property. The court held Merrill was not entitled to claim the automatic homestead exemption. This appeal pertains to that order.

## ANALYSIS

Merrill asserts the trial court erred in denying his automatic homestead exemption claim. Plaintiffs contend Merrill is not entitled to claim the exemption because the O'Neals property was owned by DCR, a corporation. They also argue Merrill has failed to prove he continuously occupied the property as his principal residence for the requisite period of time under the homestead exemption. We conclude the exemption does not apply. As the sole shareholder of DCR, Merrill owned an interest in the corporation, and not in the property owned by DCR.

In California, the homestead exemption ensures homeowners are protected from the forced sale of their home to satisfy a creditor's judgment. (*Amin v. Khazindar* (2003) 112 Cal.App.4th 582, 588 (*Khazindar*).) The exemption is designed to ensure insolvent debtors and their families do not become homeless as a result of an involuntary sale of their home. (*Ibid.*)

The homestead exemption may be asserted in two ways. First, by declaration of a homestead recorded in a deed (§ 704.920). Under a declared homestead exemption, judgment liens attach only to the equity in a home which exceeds the amount of any preexisting liens and encumbrances, plus the amount of the declared homestead

4.

exemption.  (*Khazindar, supra,* 112 Cal.App.4th at p. 589*;* § 704.950, subds. (a), (c).)  A declared homestead may protect a home sold voluntarily or involuntarily, and permits the homeowner to retain a certain amount of equity in the home to reinvest into a new home. (§ 704.960.)

Second, the homestead exemption may be asserted automatically.  (§ 704.720.) The automatic homestead exemption does not need to be recorded in a deed; however, the homeowner must show he or she has continuously resided in the home from the time a creditor's judgment lien attaches until the date the court determines the exemption applies.  (§ 704.710, subd. (c.))

The automatic homestead exemption protects the debtor only against a forced sale of the property.  (§ 704.720, subd. (b).)  If the homeowner can prove the exemption applies, the creditor must prove the forced sale will result in proceeds sufficient to repay outstanding liens and the amount of the homeowner's exemption. (§ 704.800, subd. (a).)

Under section 704.730, subd. (3)(A), a person 65 years of age or older at the time of the judgment sale may claim a homestead exemption in the amount of $175,000. Merrill was 88 years old when he applied for the exemption.  Thus, he claims he is entitled to an exemption in the amount of $175,000.

The parties concede there is no declared homestead.  The only issue is whether the automatic homestead exemption applies.  We conclude because the O'Neals property was owned by DCR, a corporation, Merrill is not entitled to claim the automatic homestead exemption.

In *California Coastal Com. v. Allen* (2008) 167 Cal.App.4th 322, 329 (*Allen*), the appellate court held the sole shareholder and director of a corporation is not entitled to claim the homestead exemption as to property owned by the corporation.  In *Allen*, the debtor homeowner opposed the forced sale of his dwelling, asserting the automatic homestead exemption applied.  (*Id*. at p. 326.)  Allen, the debtor homeowner, had

previously transferred title to his home to a corporation, of which he was the sole shareholder and director. (*Id*. at p. 329.)

The appellate court rejected Allen's homestead exemption claim. (*Allen, supra*, 167 Cal.App.4th at p. 329.) The court explained the Legislature amended section 704.740, one of the homestead exemption statutes, to make clear the exemption does not apply " 'to the sale of an interest in a dwelling owned by a corporation or other artificial person.' [Citation.]" (*Ibid*.) Once Allen conveyed his interest in his home to a corporation, the interest belonged to the corporation and Allen was no longer entitled to the exemption. (*Ibid*.)

Here, as in *Allen*, Merrill did not own an interest in the O'Neals property, DCR owned the property. Although Merrill executed a series of fraudulent conveyances transferring title to the property to various entities and individuals – including himself – the trial court voided the conveyances.

In *Nicolos v. Grover*, *supra*, 186 Cal.App.3d at p. 861, the court held a fraudulent conveyance "leaves title in the grantor as though no conveyance had been attempted [citations]." Merrill argues *Grover* is factually distinguishable from the instant case, but he fails to explain why we should depart from this general rule. We decline to do so. Accordingly, because Merrill's conveyances were voided, he never owned a qualifying interest in the O'Neals property from which he could claim the homestead exemption.[3]

Merrill asserts *Allen* was incorrectly decided and does not compel a similar result here. He specifically contends (1) *Allen* fails to consider that an individual who is the sole shareholder and director of a corporation has the right to demand conveyance of

---

[3] DCR's corporate charter was revoked in 2010 by the State of Nevada, and a constructive trust was placed on the O'Neals property in 2013. Merrill makes no argument on appeal that these actions vested him with a qualifying interest in the property under the homestead exemption. Although we would not find as much, the issue is deemed waived. (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 [in the absence of legal argument, an issue is deemed waived].)

property owned by the corporation, at any time; and, (2) the *Allen* court misinterprets the homestead exemption statute by finding a sole shareholder of a corporation is not entitled to claim the exemption. We are not persuaded by Merrill's arguments.

First, Merrill claims the sole shareholder and director of a corporation has the absolute right to demand conveyance of a property owned by the corporation, to himself. Merrill refers to this as a "deed on demand" and asserts as a result of this right, he is entitled to claim the homestead exemption because had a contingent interest in the property of DCR.

Other than his own testimony at trial, Merrill cites to no evidence in the record to support his claim. Instead, he contends there is no evidence he *did not* have the right to a conveyance on demand. Although we observe it is an appellant's duty to support his assertion by citation to the record (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768), assuming, arguendo, Merrill had the right to a deed on demand,[4] this did not give him a contingent interest in property owned by DCR under the homestead exemption.

Merrill claims a sole shareholder has a contingent interest in property owned by the corporation based on the court's holding in *Fisch, Spiegler, Ginsburg & Ladner v. Appel* (1992) 10 Cal.App.4th 1810 (*Appel*). In *Appel*, the court held the debtor homeowners could claim the automatic homestead exemption, notwithstanding the fact that title to their home was held in a revocable trust. (*Id*. at p. 1813.) The debtors, also trustors, had a contingent reversionary interest in their home because they held the right to revoke the trust at any time. (*Ibid*.) Under section 704.910, subdivision (c) of the

---

[4] We note plaintiffs' argument that such a conveyance would have rendered DCR insolvent and unable to pay its creditors, in violation of the Nevada Revised Statutes. (See Nev. Rev. Stat., §§ 78.288, 78.300.) We need not determine whether Merrill had the right to a conveyance on demand, because we conclude such a right would not give a shareholder a contingent interest in real property owned by the corporation.

homestead exemption provisions, a qualifying interest in a home may be present or future, vested or contingent, or legal or equitable. (*Appel*, *supra*, at p. 1813.) Although title to the trustors' home was held in the trust, and the "homestead exemption applies only to the property of natural persons," the court explained there is no requirement *title* must be held by a natural person. (*Ibid*.)

The court also noted its holding was consistent with the widespread use of revocable living trusts, which serve as important estate planning devices. (*Appel, supra*, 10 Cal.App.4th at p. 1813.) Presumably, if homeowners using these devices were not entitled to avail themselves of the benefits of the homestead exemption, it might discourage the use of living trusts. In addition, the court observed the debtors were also entitled to claim the homestead exemption based on a life estate they held. (*Ibid*.)

Unlike the trustors in *Appel*, Merrill was a shareholder of a corporation. "Property transferred to, or held in, a revocable inter vivos trust is … deemed the property of the settlor ...." (*Zanelli v. McGrath* (2008) 166 Cal.App.4th 615, 633.) When property is held in this type of trust, the settlor "effectively retains full ownership and control over any property transferred to that trust ...." (*Arluk Medical Center Industrial Group, Inc. v. Dobler* (2004) 116 Cal.App.4th 1324, 1331–1332.)

In contrast, a shareholder does not acquire an ownership interest in real property owned by a corporation. (*Union Bank v. Anderson* (1991) 232 Cal.App.3d 941, 949.) A share of the corporation is simply a unit of proprietary interest which the shareholder owns in the corporation. (*Ibid*.) Thus, Merrill did not own an interest in the O'Neals property, he simply owned an interest in DCR.

Second, *Allen* did not misinterpret the homestead exemption by holding shareholders of a corporation are not entitled to claim the exemption for property held by the corporation. The threshold consideration in determining whether the exemption applies is whether the homestead claimant owns a qualifying interest in real property.

As we have explained, shareholders of a corporation own an undivided interest in the corporation, and not in real property owned by the corporation. (*Union Bank v. Anderson, supra*, 232 Cal.App.3d at p. 949.)

We conclude Merrill is not entitled to claim the automatic homestead exemption. As a result, we need not reach Merrill's argument he met the continuous residency requirement under the exemption.

### **DISPOSITION**

The order is affirmed. Respondents are to recover their costs on appeal.

_____

POOCHIGIAN, Acting P.J.

WE CONCUR:


_____

FRANSON, J.


_____

SMITH, J.

9.