

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>BERND SCHAEFERS,<br>            Debtor. | BAP No. CC- 20-1067-SGL<br><br>Bk. No. 9:19-bk-11163-MB |
| BERND SCHAEFERS,<br>            Appellant,<br>v.<br>BLIZZARD ENERGY, INC.; FRANZISKA<br>SHEPARD,<br>            Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Martin R. Barash, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Bernd Schaefers appeals from the bankruptcy
court's denial of his homestead exemption claim – asserted not in any real
property but in a limited liability company known as BKS Cambria LLC

---

[*] This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532.

("LLC"), which he owns with his wife. The LLC owns real property located in Cambria, California ("Property"), where Schaefers has lived since 2014. Schaefers relies on a state court ruling, which held that the LLC is liable under a reverse alter ego theory for the individual debt he owes to his largest creditor. In other words, Schaefers argues that the reverse alter ego ruling based on *his* inequitable conduct establishes his "equitable" interest in the Property and establishes his right to claim a homestead exemption in it under California law. It does not. Schaefers' argument runs contrary to the equitable purpose underlying alter ego doctrine: to extend liability beyond a debtor to avoid injustice. To recognize a homestead exemption in the Property owned by the LLC Schaefers created would reward him for the inequitable conduct that warranted extension of his individual liability to the LLC. Because he has not established an interest in the Property sufficient to support a homestead exemption, we AFFIRM.

## FACTS

In July 2019, Schaefers commenced his bankruptcy case by filing a voluntary chapter 11 petition. In December 2019, a chapter 11 trustee was appointed, and his case subsequently was converted to chapter 7.

Schaefers' schedules identified Blizzard Energy, Inc. ("Blizzard") as his largest creditor, with a disputed judgment claim of $3,825,000

2

("Blizzard Judgment").[2] Elsewhere in his schedules, he asserted that Blizzard and its principal Franziska Shepard (jointly, "Blizzard Parties") obtained the Blizzard Judgment as a result of fraud, perjury, witness tampering, and abuse of process. He thus listed a cause of action against Shepard for the same amount as the judgment. The only other asset of significance he listed in his schedules was his 50% membership interest in the LLC, which he valued at $5,000,000.[3] Schaefers did not list any interest in real property. In his original schedules, he asserted only two exemption claims: one for his automobile and another for his furniture and clothing.

The bankruptcy court granted the Blizzard Parties relief from the automatic stay to proceed in the San Luis Obispo County Superior Court ("Superior Court") with a prepetition motion to amend the Blizzard Judgment to include the LLC as an additional judgment debtor under a theory of reverse alter ego.[4] The state court entered a tentative decision

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Schaefers' bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Schaefers later disclosed that the other 50% of the LLC is owned by his estranged wife Karin Schaefers.

[4] Traditionally, courts have used alter ego liability to "hold an individual responsible for the acts of an entity." *Curci Invs., LLC v. Baldwin*, 14 Cal. App. 5th 214, 221 (2017). In this instance the Superior Court employed "reverse veil piercing" to hold the LLC liable for Schaefers' individual debt. California recognizes that "[r]everse veil piercing is similar to traditional veil piercing in that when the ends of justice so require,

(continued...)

3

detailing its reasons why it intended to hold the LLC liable for Schaefers'

individual judgment debt to the Blizzard Parties.

The day after the Superior Court hearing, Schaefers amended his

exemptions. As part of his amendment, Schaefers added a $175,000

exemption claim in the LLC ("LLC Exemption") based on Cal. Code of

Civil Procedure ("C.C.P.") § 704.730 – also known as California's automatic

or "residential" homestead exemption. According to Schaefers, the

Property owned by the LLC is a decommissioned U.S. Air Force base,

which includes officers' quarters consisting of a four-bedroom residence,

where he has lived continuously since 2014.

The Blizzard Parties timely objected to the LLC Exemption. They

argued that Schaefers could not claim a homestead exemption in the LLC

because he did not own the Property. As they pointed out, Schaefers'

interest was in the LLC and not the Property. They further contended that

the interest in the LLC did not qualify as a dwelling under California law,

---

[4](...continued)
a court will disregard the separation between an individual and a business entity. But, the two serve unique purposes and are used in different contexts." *Id*. Though courts may need to consider additional or different factors before applying reverse veil piercing, *id.* at 222-24, that analysis was performed by the Superior Court and is not before us. Here, we are concerned only with the *impact* of the Superior Court's decision to apply reverse piercing. To evaluate Schaefers' contention that this reverse piercing effectively gave him an equitable interest in the LLC's assets, we rely on traditional alter ego cases without drawing any distinction based on whose liability was extended to whom.

so he could not claim a homestead exemption in the LLC.

The Blizzard Parties also anticipated that Schaefers would argue that he now qualified as the "owner" of the Property based on the Superior Court's finding that the LLC was his alter ego. They maintained that the alter ego ruling could not be invoked by Schaefers as grounds for concluding that he personally owned the Property.

Schaefers opposed the objection to his LLC Exemption. He reasoned that the Property qualified as a dwelling for purposes of California's homestead exemption law by virtue of his residing there. He therefore concluded that the Blizzard Parties' objection should be overruled.

As for the fact that the LLC owned the Property rather than him, Schaefers devoted a single sentence to this issue: "A Superior Court has determined that they will recognize the LLC as Mr. Schaefers [sic] alter ego." Schaefers attached to his opposition a declaration, which included as an exhibit a copy of the Superior Court's tentative alter ego ruling.[5]

---

[5] The only evidence before the bankruptcy court regarding the alter ego issue was the Superior Court's tentative ruling. On appeal, Schaefers has attempted to present as part of his appendix a number of documents that were not before the bankruptcy court, including: (1) the LLC's Operating Agreement; (2) a non-conformed copy of the Superior Court's tentative alter ego ruling; (3) the Superior Court's final alter ego ruling; and (4) a 1996 Separation and Property Settlement Agreement between Schaefers and his estranged wife. We decline to consider any of these documents because they were not available for the bankruptcy court to consider. *See Castro v. Terhune*, 712 F.3d 1304, 1316 n.5 (9th Cir. 2013) (citing *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.1988)). Still, for purposes of this appeal, we will assume

(continued...)

In March 2020, the bankruptcy court held a hearing on the objection to the LLC Exemption. After considering the parties' papers and oral argument, the court sustained the objection. As the court explained, Schaefers did not own the Property. Rather, the LLC owned it. Additionally, his membership interest in the LLC was not real property in which California law would permit a judgment debtor to claim a homestead interest. The court also rejected Schaefers' argument that the Blizzard Parties' success in piercing the veil of the LLC to make it liable for Schaefers' debt meant that he now owned the LLC's assets, including the Property.

On March 18, 2020, the bankruptcy court entered its order sustaining the objection to Schaefers' homestead exemption claim. Schaefers timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

---

[5](...continued)
without deciding that Schaefers established that the Superior Court reverse pierced the LLC's veil. In their responsive brief, the Blizzard Parties moved to strike the above-referenced excerpts of record. We grant this motion for the reason stated. All of the Blizzard Parties' other procedural objections are hereby overruled because they did not demonstrate that any of Schaefers' other procedural missteps prejudiced them.

## ISSUE

Did the bankruptcy court commit reversible error when it disallowed Schaefers' homestead exemption claim?

## STANDARD OF REVIEW

A debtor's entitlement to claim an exemption from estate property is a question of law, which we review de novo. *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 333 (9th Cir. BAP 2016) (citing *Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 191 (9th Cir. BAP 2014)). The construction of state exemption laws also is reviewed de novo. *Id.* (citing *Calderon v. Lang (In re Calderon)*, 507 B.R. 724, 728 (9th Cir. BAP 2014). De novo review means that we consider the matter without giving any deference to the bankruptcy court's decision. *Id.*

## DISCUSSION

"When a debtor files a bankruptcy petition, all of his assets become property of the estate and may be used to pay creditors, subject to the debtor's ability to reclaim specified property as exempt." *In re Elliott*, 523 B.R. at 192 (citing *Schwab v. Reilly*, 560 U.S. 770, 774 (2010)).

The Bankruptcy Code provides that debtors may exempt certain "property of the estate." § 522(b)(1). A state may choose to permit bankruptcy debtors to use the federal exemptions contained in the Bankruptcy Code in § 522(d). *See* 522(b)(2). Alternatively, a state may "opt out" of the exemptions provided by the Bankruptcy Code and allow their

7

debtors to use instead the exemptions provided by state law (and allowable by federal non-bankruptcy law). *See* §§ 522(b)(2) and (3); 4 *Collier on Bankruptcy* ¶ 522.01 (16th ed. 2020). California has opted out of the Bankruptcy Code's list of exemptions. *See* C.C.P. § 703.130. As a result, California exemption law controls the resolution of Schaefers' homestead exemption claim. *In re Elliott*, 523 B.R. at 192 (citing *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 16 (9th Cir. BAP 2003)).

California defines a homestead as a dwelling where a person resides. C.C.P. § 704.710(a) and (c). Californians may, therefore, claim a homestead exemption without holding a fee simple interest in the subject real property. *In re Elliott*, 523 B.R. at 196 & n.4; *see also Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 965 (9th Cir. 2018) ("California law rejects Phillips' argument that title to the property is necessary to claim a homestead exemption."). Even so, they must have *some* legal or equitable interest in the real property. *In re Elliott*, 523 B.R. at 196 & n.4; *see also Fontaine v. Conn (In re Fontaine)*, BAP No. CC-10–1003–MkHKi, 2010 WL 6259993, at *10 (9th Cir. BAP Nov. 26, 2010), *aff'd*, 472 F. App'x 738 (9th Cir. 2012) ("Without any legal or equitable interest in the Property, Ramona was not entitled to a homestead exemption. A legal or equitable interest in the property must exist for a homestead exemption to attach to that property." (citing Alan M. Ahart, *California Practice Guide: Enforcing Judgments & Debts* ¶ 6:1021.1 (The Rutter Group 2010))).

Schaefers contends that California requires mere residence alone to establish a homestead exemption. In support of this argument, he cites to *Tarlesson v. Broadway Foreclosure Investments, LLC,* 184 Cal. App. 4th 931, 936–38 (2010). However, the debtor in *Tarlesson* held a beneficial interest in her residence sufficient to support a homestead exemption. She owned the real property but had temporarily conveyed title to her homestead to a relative to facilitate refinancing. *Id.* at 935. Significantly, the debtor-transferor and the cousin-transferee agreed that the debtor always retained the full beneficial interest in the property. *Id.; see also In re Fontaine*, 2010 WL 6259993 at *10-11 & n.16 (rejecting argument that California's homestead exemption requires only mere possession under *Tarlesson*).

Unlike the debtor in *Tarlesson*, Schaefers has never identified any beneficial or equitable interest in the Property to support his homestead exemption claim and concedes that he has no legal interest in it. Instead, he listed his interest in the LLC as exempt under California's residential exemption, C.C.P. § 704.730. But under California law a limited liability company is a separate and distinct legal entity from its owners or members. *Curci Invs., LLC*, 14 Cal. App. 5th at 220-21 (citing Cal. Corp. Code § 17701.04(a)). Consequently, limited liability company members have no interest in the company's assets. *Abrahim & Sons Enters. v. Equilon Enters., LLC*, 292 F.3d 958, 963 & n.21 (9th Cir. 2002); *see also Swart Enters., Inc. v. Franchise Tax Bd.*, 7 Cal. App. 5th 497, 510 (2017) (citing former Cal. Corp.

9

Code § 17300 and stating that "Members in an LLC . . . hold no direct ownership interest in the company's specific property."). California's residential exemption is inapplicable to Schaefers' interest in the LLC, which constitutes a personal property interest outside the statutory definition of a homestead under C.C.P. § 704.710(c). *See In re Bell*, No. 04–45847 EDJ, 2007 WL 4190686 at *2-3 (Bankr. N.D. Cal. Nov. 21, 2007) (holding that a partnership interest was not a dwelling and hence did not qualify for a homestead exemption).

Schaefers has suggested that the LLC's ownership of the Property did not preclude his homestead exemption because California permits individuals to maintain a homestead exemption even when legal title to the subject real property is held in the individuals' revocable trust. In support of this argument, he cites to *Fisch, Spiegler, Ginsburg & Ladner v. Appel*, 10 Cal. App. 4th 1810, 1811 (1992). The *Appel* court reasoned that the individual trustees still retained an equitable interest in their residence based on their undisputed ability to revoke the trust and their resulting contingent reversionary interest in the real property. *Id.* at 1813. This interest, together with a stated life estate, established "an interest in the property supporting their homestead exemption." *Id*. As explained in *Appel*, the extensive use of revocable trusts for estate planning also weighed heavily in favor of recognizing the trustees' continued interest to support their homestead exemption. *Id*.

10

Schaefers offered at oral argument that he had chosen to place the Property in the LLC for a similar reason. No such evidence was presented to the bankruptcy court on this issue, and we fail to see the similarities between a revocable living trust and Schaefers' LLC.[6] There is nothing before us to suggest that limited liability companies are commonly used for estate planning purposes like revocable trusts or that their members should be permitted to disregard the entities' separate identity. *See Curci Invs., LLC*, 14 Cal. App. 5th at 220-21. As such, Schaeffers' interest in the LLC does not demonstrate an equitable interest to support his homestead exemption claim.[7]

The California requirement that the debtor must have some interest in the homestead property is consistent with the scope of the Bankruptcy Code's exemption statute, which only applies to property of the estate. *See*

---

[6] Limited liability companies are a form of hybrid business entity that generally allows its members to participate in management of the company's operations without exposing themselves to personal liability for the company's debts and therefore are a preferred means of conducting business under many circumstances. J. William Callison & Maureen A. Sullivan, Limited Liability Companies: A State-by-State Guide To Law And Practice, § 2:5 (2020 ed.).

[7] *See In re Bell*, 2007 WL 4190686, at *3 (distinguishing *Appel* and holding that debtor's interest in a partnership that owned his residence was not sufficient to support his homestead exemption claim, when he held no interest in the real property and no right to acquire the partnership's title to it by revocation); *see also In re Breece*, 487 B.R. 599 (table), 2013 WL 197399 at *8 (6th Cir. BAP Jan. 18, 2013) (denying homestead exemption under Ohio law to individual debtor who resided in property owned by her limited liability company).

§ 522(b)(1); *see also Schwab*, 560 U.S. at 774 (holding that unopposed exemption claims "exclude the subject property from the estate"). Aside from certain nuances not relevant here, property of the estate only includes property in which the debtor has a legal, equitable, or community property interest. § 541(a); *see also Jess v. Carey (In re Jess)*, 169 F.3d 1204, 1207 (9th Cir. 1999) ("Notwithstanding certain specified exceptions, the bankruptcy estate includes all legal and equitable interests in property held by the debtor at the time of filing."). Schaefers failed to prove that he held any equitable or legal interest in the Property. Accordingly, it is not property of the estate, and he cannot claim any exemption in it. *See In re Breece*, 487 B.R. 599, 2013 WL 197399 at *9.

Schaefers next contends that the Superior Court's finding that the LLC is his alter ego established his equitable interest in the Property for purposes of validating his homestead exemption claim. As Schaefers put it: "Principals of equity under lied [sic] the Order of finding alter ego but yet principals of equity somehow have not been recognized with regard to the Debtors [sic] equitable claim of homestead." Aplt. Opn. Br. at 4:2-5. However, Schaefers misapprehends the legal effect of the Superior Court's ruling.

Common law principles of alter ego liability apply to limited liability companies and their members. *See* Cal. Corp. Code § 17703.04(b). Under California common law, a judgment creditor may allege that a member of a

12

limited liability company is the company's alter ego in order to reverse pierce the company veil and reach its assets to enforce a judgment against an individual member. *Curci Invs., LLC,* 14 Cal. App. 5th at 224. But alter ego is not a claim or cause of action that, when successful, treats the owner and the company as the same legal entity for all purposes. *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1252 (9th Cir. 2010). Rather, it is a procedural device that permits courts to disregard the legal separateness between a business entity and an owner for limited purposes  – such as "where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice." *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal. App. 3d 1351, 1359 (1988) (citing *Taylor v. Newton*, 117 Cal. App. 2d 752, 757 (1953)). Typically, the entity's separate identity is disregarded "so that the corporation will be liable for acts of the stockholders or the stockholders liable for acts done in the name of the corporation." *Shaoxing Cty. Huayue Imp. & Exp. v. Bhaumik*, 191 Cal. App. 4th 1189, 1197-98 (2011) (citing *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)).

Alter ego principles almost never enable "the persons who actually control the corporation to disregard the corporate form." *Capon v. Monopoly Game LLC*, 193 Cal. App. 4th 344, 357 (2011) (quoting *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 994 (1995)). As the California Courts of Appeal have aptly observed, "[p]arties who determine to avail

13

themselves of the right to do business by means of the establishment of a corporate entity must assume the burdens thereof as well as the privileges. The alter ego doctrine is applied to avoid inequitable results not to eliminate the consequences of corporate operations." *Communist Party*, 35 Cal. App. 4th at 994 (quoting *Aladdin Oil Corp. v. Perluss*, 230 Cal. App. 2d 603, 614 (1964)).

California has recognized that in limited circumstances a corporation may "disavow the corporate form where doing so prevents injustice." *Brooklyn Navy Yard Cogeneration Partners, L.P. v. Sup. Ct.*, 60 Cal. App. 4th 248, 259 (1997) (collecting cases). Importantly, however, Schaefers did not independently attempt to disavow his LLC's separate identity. Nor did he explain to the bankruptcy court why recognizing his choice to place the Property in his LLC would result in injustice. Some explanation – and evidence – of this type was required before the bankruptcy court properly could pierce the LLC's veil for Schaefers' benefit. *See, e.g., Capon*, 193 Cal. App. 4th at 357 ("defendants have not identified on appeal . . . any inequitable results that would follow from rejecting defendants' attempt to disregard the legal separateness of [the business entity]").

Instead, Schaefers relied solely on the Superior Court's extension to the LLC of his individual liability for the Blizzard Judgment, which was based on *his* inequitable conduct. He claims that this extension of liability is a sufficient basis, by itself, to avoid the consequences of *his* decision to have

14

the LLC own the Property. Based on the authorities cited above, we disagree. The bankruptcy court properly held that the Superior Court's reverse alter ego finding did not consolidate the LLC's assets into Schaefers' bankruptcy estate.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order sustaining the exemption claim objection and disallowing Schaefers' homestead exemption claim.